**Affirmed and Memorandum Opinion filed March 11, 2025**



In The

# Fifteenth Court of Appeals

### NO. 15-24-00031-CV

**B.E.C.D.S, INC.; KECIA BOLTON; AND PAUL BOLTON, Appellants**

**V.**

**TEXAS WORKFORCE COMMISSION AND TEXAS DEPARTMENT OF ASSISTIVE AND REHABILITATIVE SERVICES, UNKNOWN EMPLOYEE OF TWC, Appellees**

**On Appeal from the 160th District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-23-02253**

## MEMORANDUM  OPINION

B.E.C.D.S, Inc.; Kecia Bolton; and Paul Bolton ("Plaintiffs" below) appeal from a judgment dismissing their case with prejudice for lack of jurisdiction. They do not challenge the merits of the dismissal, but argue that it was error to dismiss with prejudice. We affirm the trial court.

Plaintiffs provided vocational rehabilitation and pre-employment transition

services under contract with the Texas Workforce Commission ("TWC"). By letter dated February 18, 2022, TWC issued a Notice of Debarment that barred all three Plaintiffs from conducting business with TWC for a period of three years, pointing to discrepancies in hourly records and copies of signatures used to certify hours for payment by TWC. TWC granted Plaintiffs' request for a meeting to appeal the notice, but after adjusting some of its findings, issued a final decision on January 3, 2023, affirming the three-year debarment and demanding reimbursement of $30,096.26 TWC paid for services that were not provided or inadequately documented.

No statute provides for judicial review of a TWC final order of debarment. The Labor Code specifically provides that a hearing conducted by the TWC or its Executive Director is not subject to the rules governing contested cases or judicial review in chapter 2001 of the Administrative Procedure Act. *See* TEX. LAB. CODE § 301.0615.

Nevertheless, Plaintiffs filed suit against TWC,[1] alleging violations of constitutional due process, failure to provide an exit review, lack of privity between TWC and the Boltons individually, bad faith, and unreliable calculations. TWC filed three sequential pleas to the jurisdiction on August 18, 2023, December 5, 2023, and December 28, 2023, each time pointing out that Plaintiffs had not alleged *any* statutory waiver of sovereign immunity for their suit against TWC, *any* statutory right to judicial review of TWC's final decision, or *any* vested property interest in future TWC contracts to support a constitutional claim. In five sequential responses and motions including an amended petition filed December 8,

---

[1] Plaintiffs also sued the Texas Department of Assistive and Rehabilitative Services, which in 2016 was abolished by the Sunset Commission and its programs transferred to the Texas Workforce Commission. *See* Act of May 28, 2015, 84th Leg., R.S., ch. 837, § 1.01, 2015 Tex. Gen. Laws 2489, 2490–2492; Act of May 31, 2015, 84th Leg., R.S., ch. 1138, § 25, 2015 Tex. Gen. Laws 3832, 3826.

2023, Plaintiffs again repeated their complaints but still did not indicate any statutory waiver of immunity, any statutory basis for judicial review, or any property interest in potential government contracts that had not yet been entered.

When a plaintiff fails to plead facts sufficient to demonstrate the trial court's jurisdiction, courts generally should afford the plaintiff an opportunity to replead.[2] But that rule does not apply here: "Once the defendant's jurisdictional plea gives notice of the jurisdictional defect, however, and the plaintiff responds with an amended pleading that still does not allege facts that would constitute a waiver of immunity, then the trial court should order the case dismissed with prejudice."[3]

Plaintiffs did not file an amended pleading asserting any basis for a valid waiver of immunity or a right to judicial review in the five months that the plea to the jurisdiction was pending before the district court, or in the 105 days that the district court retained plenary jurisdiction after its judgment.[4] We conclude the district court did not err by dismissing the case with prejudice.

We affirm the district court's judgment.

/s/ Scott Brister
Scott Brister
Chief Justice

Before Chief Justice Brister and Justices Field and Farris.

---

[2] *Fraley v. Tex. A&M Univ. Sys.*, 664 S.W.3d 91, 101 (Tex. 2023).

[3] *Id.*

[4] The district court retained plenary power over its judgment for 105 days because appellants timely filed a motion for new trial. *See* TEX. R. CIV. P. 329b(a), (c), (e). The motion was overruled by operation of law.